## WILLIAM SADLER v. THOMAS B. HOOVER.

1. CONTRACT: CONSIDERATION.—H. had a judgment against C., and C. had a judgment against S. By agreement of all the parties, S. executed his promissory note to H. for the amount, and in satisfaction of his judgment against C., and received a credit for the amount of his note on the judgment he owed to C. *Held*, that H.'s judgment against C., being valid and unobjectionable, S. could not set up as a defence to the payment of his note to H., any infirmity that might have existed in the judgment of C. against him; H. having parted with a valuable consideration for the note, was entitled to recover, even though S. had received no benefit thereby.

2. CONTRACT: NOVATION: INTEREST.—In the novation of a debt, the parties may legally contract for the same rate of interest which the old debt bore; although at the time of the novation, the legal rate of interest was lower than that contracted for.

IN error from the Circuit Court of Madison county.   Hon. E. G. Henry, judge.

*Franklin Smith*, for plaintiff in error.

*H. A. H. Lawson* and *A. P. Hill*, for defendant in error.

FISHER, J., delivered the opinion of the court.

This was an action brought by the defendant in error, in the Circuit Court of Madison county, to recover the amount of a promissory note made by the plaintiff in error.

The defence relied on was that the consideration of the note was void; and that the note stipulates for the payment of an illegal rate of interest.

In regard to the first point—the illegal consideration of the note—the facts are as follows: Hoover had recovered a judgment against one Chambers, in the Circuit Court of Madison county; Chambers had recovered a judgment in the United States Court, at Jackson, against Sadler. Sadler had set up as a defence against this judgment, that it was founded upon a note given for slaves introduced into the State as merchandize, in violation of the constitution of the State.   The bill setting up this defence was, upon

final hearing, dismissed by the United States Court. It is shown that Hoover was a party to this last judgment. It is not shown that the judgment of Hoover against Chambers, was subject to any objection whatever. Hoover agreed to take Sadler's note in payment of his judgment against Chambers; and that Chambers should place upon his judgment against Sadler, a credit to the amount of the note given to Hoover.

This defence can avail the party nothing, unless it be shown that the judgment of Hoover against Chambers was either void, as shown by the record, or was founded upon an obligation which was not only void, but that the judgment could not, for this last reason, be enforced. No such case is shown. Hoover, by taking the note, acquired such rights thereby against Sadler, as he, Hoover, possessed under the judgment against Chambers. If the latter could not defeat the judgment or avoid its payment for some valid, legal reason, Sadler cannot avoid the payment of the note. The inquiry is, not what did Sadler receive, but what was Hoover induced to surrender in consideration of receiving the note? It is not material what the former received, if it appear that the latter surrendered, in consideration of the note, a valid claim or judgment against another.

In regard to the question of usury, it is sufficient to state that the case falls within the decision of this court in the case of *Dennistons* v. *Potts*, 26 Miss. R. 33. The judgment was bearing interest at the rate of eight per cent. per annum, and Hoover could legally contract for that rate in regard to any enlargement of the time of payment given either to the debtor, or to another assuming the payment of the debt.

Judgment affirmed.